UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>International Gospel Party<br>  Boosting Jesus Groups, Inc.,<br><br>                  Debtor. | Chapter 11<br>Case No. 10-19012-HJB |

### INITIAL REPORT OF CHAPTER 11 TRUSTEE

Joseph G. Butler, the duly-appointed and acting chapter 11 trustee in the above-captioned case (the "Trustee"), submits the following report on the status of the case.

1.     On August 19, 2010, (the "Petition Date") International Gospel Party Boosting Jesus Groups, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code").

2.     On September 17, 2010, the Debtor filed schedules and a statement of financial affairs.

3.     On October 1, 2010, the Court entered an order scheduling a status conference in the case for October 12, 2010.

4.     Following the status conference, the Court, on October 12, 2010, entered an order sua sponte, ordering the appointment of a chapter 11 trustee.

5.     The Trustee was contacted by the Office of the United States Trustee on October 12, 2010, about the possibility of serving as chapter 11 trustee.

6.     The Trustee was appointed on October 15, 2010.

7.     The Trustee, prior to his appointment, spoke with the Office of the United States Trustee, counsel to the Debtor and counsel to Tremont Credit Union. The Trustee has also reviewed the schedules and other pleadings filed in the case and conducted on line research at the Office of the Secretary of State for the Commonwealth of Massachusetts and the Suffolk County Registry of Deeds.

8. The Debtor's schedules indicate that it is the owner of the real property located at 554 Massachusetts Avenue, Boston, Massachusetts (the "Real Property"), that the Real Property had a value, as of the Petition Date, of $1,425,100, that the Real Property was the subject of a first priority mortgage held by Tremont Credit Union and MERS, securing a debt in the amount of $375,000.00 and a second priority mortgage held by Members Mortgage Company, Inc., securing a debt in the amount of $400,000.

9. The online records of the Suffolk County Registry of Deeds confirm that a mortgage from the Debtor to Fourth Federal Savings Bank, securing a debt in the original principal amount of $375,000, was recorded on February 8, 2006, that an Assignment of Leases and Rents by the Debtor to Fourth Federal Savings Bank was recorded on the same date and that an assignment of that mortgage, the assignment of Leases and Rents and a UCC-1 Financing Statement by Northeast Community Bank f/k/a Fourth Federal Savings Bank to Tremont Credit Union was recorded on July 15, 2010. The records also indicate that on June 2, 2009, a mortgage from the Debtor to Members Mortgage Company, Inc. and Mortgage Electronic Registration Systems, Inc., securing a debt in the original principal amount of $400,000, was recorded.

10. Counsel to Tremont Credit Union has informed the Trustee that both mortgages are now held by Tremont Credit Union (though the Trustee has not located a recorded assignment of the June 2009 mortgage) and that the approximate amount owed to Tremont Credit Union on the obligations secured by the two mortgages is $800,000.

11. It is the Trustee's understanding that the estimated value of the Real Property in the schedules is based upon the assessment of the property by the City of Boston for real estate tax purposes.

12. The only assets, other than the Real Property, scheduled by the Debtor, were a checking account with a value of $100, a savings account with a value of $27, loans to Fusion Steel and M & M Ironworks which schedule B stated had a face value of $350,000, and an "unknown" current value and

office equipment with a scheduled value of $500.

13. The only creditors listed in the schedules are the secured creditors listed in schedule D, Tremont Credit Union and MERS and Members Mortgage Company, Inc.

14. The Trustee is informed that the Real Property includes a meeting room and six residential units. Schedule G states that as of the petition date, there were leases for four of the units and the Statement of Business Income and Expenses indicated that the gross monthly income of the Debtor was $5890.

15. There is no cash collateral stipulation filed in the case and the Debtor did not seek an order authorizing its use of cash collateral.

16. The Trustee is informed by Debtor's counsel that no debtor in possession account had been opened by the Debtor as of the date of the status conference held on October 12, 2010. The Trustee was further informed by counsel that the Debtor did not use cash collateral and that at least part of the rents collected by the Debtor subsequent to the filing were turned over to the Tremont Credit Union. The Trustee was informed by counsel to Tremont Credit Union that the Debtor, immediately prior to the status conference, offered to turn over to counsel cash representing rents collected but that counsel refused to accept the cash.

17. There is no order authorizing the Debtor to either make payments to Tremont Credit Union on a prepetition debt or to make any adequate protection payments to Tremont Credit Union.

18. It is the Trustee's understanding that the absence of proof of insurance for the Real Property was a factor in the Court's decision to order the appointment of a chapter 11 trustee.

19. The Trustee has been provided with a copy of a certificate (no. 10MA001772) from Lloyd's for policy commercial policy no. 10MA001772, which certificate is dated September 3, 2010 and which indicates that the policy is effective from August 31, 2010 to August 31, 2011 and that the total charge for the policy premium, an inspection fee and a surplus lines tax was $5114.88.

20. The Trustee has also been provided with a copy of an undated "Notice of Acceptance and of Assignment" from Premium Financing Specialists Corp. which states that the Lloyd's policy obtained by the Debtor was financed with Premium Financing Specialists Corp., that there was a down payment of $1739.48, that the amount financed was $3,375.40, that the annual interest rate on the financing was 16.940% and that the financing required that the Debtor make nine monthly payments in the amount of $402.11 each. The Trustee was also provided with a notice from Premium Financing Specialists Corp dated September 10, 2010, and addressed to the Debtor which indicates that a payment in the amount of $402.11 was due on September 30, 2010. The Trustee confirmed, with the Debtor's insurance agent, that a payment was made on October 15, 2010 and that, while there may have been a payment default in the financing of the premiums, there was no lapse in coverage.

21. Upon information and belief, as part of the financing arrangement with Premium Financing Specialists Corp the Debtor purportedly granted Premium Financing Specialists Corp a lien on or security interest in the unearned premiums paid on the policy.

22. The Debtor did not seek or obtain an order from the Court authorizing it to borrow money from Premium Financing Specialists Corp or to grant a lien to Premium Financing Specialists Corp prior to entering into the financing arrangement with Premium Financing Specialists Corp.

23. The Trustee has been informed that the $350,000 in loans by the Debtor to Fusion Steel and M & M Ironworks listed in schedule B were made shortly after the June, 2009, mortgage to Members Mortgage Company, Inc. was recorded, that the funds to make those loans were obtained from the proceeds of that financing, that the loans were unsecured and that the collectability of those loans is doubtful.

24. The Trustee is informed that the Debtor is a non-profit corporation and has been informed by counsel to the Debtor that the Debtor would not, at least at this point, consent to the conversion of the

case to a case under chapter 7.

25. The Trustee has also been informed that the Debtor's expectation, at the time the case was filed, was that it would receive an infusion of $400,000 (apparently in the form of a gift) from a church located in Brockton, Massachusetts, which would enable the Debtor to pay off the obligation secured by second priority mortgage, bring the payments on the obligation secured by the first mortgage current and put it in a position where the income generated by the rents on the property would be sufficient to service the remaining debt. The infusion of cash was apparently supposed to occur early in September.

26. Although it appears that there may be equity in the Real Property over and above the amounts owed to Tremont Credit Union, the Trustee does not believe that at this point that a reorganization of the Debtor is reasonably in prospect, where the Debtor's income is not sufficient to service its debt. Moreover, there are no unsecured creditors who would benefit from any reorganization.

27. Accordingly, the Trustee recommends that the Debtor's chapter 11 case be dismissed forthwith.

/s/Joseph G. Butler
Joseph G. Butler, as Chapter 11
Trustee of the estate of
International Gospel Party
Boosting Jesus Groups, Inc.
c/o Barron & Stadfeld, P.C.
100 Cambridge Street, Suite 1310
Boston, MA 02114
(617) 723-9800

Dated: October 21, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>International Gospel Party<br> Boosting Jesus Groups, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 10-19012-HJB |

## CERTIFICATE OF SERVICE

I, Joseph G. Butler, of Barron & Stadfeld, P.C., do hereby certify that on October 21 , 2010, I served the   on the persons on the attached service list by mailing a copy of the same by first class mail, postage prepaid or as otherwise indicated on the service list.

Signed under the penalties of perjury, October 21, 2010.

/s/Joseph G. Butler
Joseph G. Butler

Service List
International Gospel Party Boosting Jesus Groups, Inc.
Chapter 11, Case No. 10-19012-HJB

- Eric K. Bradford on behalf of Assistant U.S. Trustee John Fitzgerald
  Eric.K.Bradford@USDOJ.gov

- John Fitzgerald
  USTPRegion01.BO.ECF@USDOJ.GOV

- David M. Nickless on behalf of Debtor International Gospel Party Boosting Jesus Groups, Inc.
  dnickless.nandp@verizon.net, cmann.nandp@verizon.net

- Liam J. Vesely on behalf of Creditor Tremont Credit Union
  lvesely@pierceatwood.com

Via First Class Mail

International Gospel Party
Boosting Jesus Groups, Inc.
554 Massachusetts Ave.
Boston, MA 02118


Members Mortgage Company, Inc.
10 Cedar Street #11
Woburn, MA 01801


Tremont Credit Union and MERS
c/o Lawrence Edleman
Pierce Atwood
One New Hampshire Ave #350
Portsmouth, NH 03801


Internal Revenue Service
P.O. Box 21126
Philadelphia PA 19114


Massachusetts Department of
Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114