UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>International Gospel Party<br> Boosting Jesus Groups, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 10-19012-HJB |

### ORDER RE: TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF REAL PROPERTY AT 554 MASSACHUSETTS AVENUE, BOSTON, SUFFOLK COUNTY, MASSACHUSETTS

Joseph G. Butler, as Chapter 7 Trustee of International Gospel Party Boosting Jesus Groups, Inc. (the "Trustee"; the "Debtor"), having filed on April 13, 2011 a Motion for Order Authorizing and Approving Sale of Real Property at 554 Massachusetts Avenue, Boston, Suffolk County, Massachusetts (the "Sale Motion") to which was attached a Purchase and Sale Agreement (the "Purchase and Sale Agreement"), together with a proposed Notice of Intended Private Sale of Real Property (the "Notice"); the Court having established a bar date of May 23, 2011 for the filing of objections to the proposed sale or the filing of higher offers; the Trustee having filed certificates of service on April 13, 2011 for the Sale Motion and on April 15, 2011 for the Notice; sufficient notice having been given pursuant to Rules 2002(a)(2) and (c), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure and no other or further notice of the Sale Motion or the entry of this order being necessary; the Debtor having filed an objection to the proposed sale, which objection was overruled; higher offers having been timely filed by Neelon Properties, LLC and Jeff Ross; a hearing having been held on May 24, 2011; sealed bids having been submitted at the hearing by Robert Alessandro, Neelon Properties, LLC and Jeff Ross; and good cause appearing therefor;

It is hereby ORDERED, pursuant to 11 U.S.C. §§ 363(b) and (f), that:

1. The Sale Motion is allowed except as is modified by the terms of this Order.

2. Subject to Paragraph 6 of this Order, the Trustee is authorized and directed to sell to Jeff Ross (the "Successful Bidder") all of the Trustee's right, title and interest in and to 554 Massachusetts Avenue, Boston, Suffolk County, Massachusetts (the "Real Property") for the sum of One Million Three Hundred Twenty Six Thousand One and 00/100 ($1,326,001.00) Dollars (the "Purchase Price"), free and clear of any and all liens, claims, encumbrances and interests of any kind or nature, excepting only those adjustments as set forth in Paragraph 16 of the Purchase and Sale Agreement; with all such liens, claims, encumbrances and interests, to the extent of their validity, perfection, priority, enforceability and sufficiency to attach to the proceeds of the sale.

3. All persons or entities holding or asserting liens, claims, encumbrances or interests in the Real Property shall be, and they hereby are, forever barred from asserting such liens, claims, encumbrances or interests against the Real Property or any purchaser of the Real Property or his or its successors or assigns.

4. The Trustee's sale shall be AS IS and WHERE IS and WITHOUT ANY WARRANTY WHATSOVER except any warranty specifically set forth in the Purchase and Sale Agreement.

5. Notwithstanding anything to the contrary in the Sale Motion, the Notice or the Purchase and Sale Agreement, the sale shall not close prior to June 24, 2011 and the Purchase Price (less any deposit previously delivered to the Trustee) shall be paid by bank treasurer's check or certified check, payable to Joseph G. Butler, Trustee, and delivered to the Trustee at his usual place of business at Barron & Stadfeld, P.C., 100 Cambridge Street, Suite 1310, Boston,

MA 02114.

6. In the event that the Debtor secures the funding necessary to pay the claims set forth below and this Court dismisses this case on or prior to June 23, 2011, the authorization to sell the Real Property shall be deemed vacated and the order shall require the Debtor to make payment in full of the claims of Tremont Credit Union and all other claims filed or scheduled in the case, the Trustee and Trustee's counsel's fees and expenses as approved by this Court, the out of pocket costs of the Trustee's broker, and a breakup fee to the Successful Bidder in the amount equal to the lesser of the reasonable fees and costs incurred by the Successful Bidder from and after May 24, 2011 in anticipation of closing the sale or $15,000.00.

7. Failure by the Successful Bidder to pay the Purchase Price to the Trustee on or before June 30, 2011 shall constitute a default by the Successful Bidder and the Successful Bidder shall thereupon forfeit to the Estate the deposit previously paid to the Estate as liquidated damages which shall be the Trustee's exclusive remedy at law or in equity; and Trustee shall, at the election of Neelon Properties, LLC ("the Second Highest Bidder"), be authorized to sell the Real Property to the Second Highest Bidder for the sum of One Million Two Hundred Seventy Six Thousand and 00/100 ($1,276,000.00) Dollars (the "Backup Purchase Price") and otherwise upon the same terms as set forth herein. In the event the Second Highest Bidder elects not to proceed with the sale, all obligations of the Second Highest Bidder shall cease. The Second Highest Bidder shall have two business days following the date on which it receives written notice from the Trustee of the default of the Successful Bidder to notify the Trustee in writing of its election, together with a deposit in the sum of $56,750.00 in the form of a certified or bank check made payable to the Trustee. The Second Highest Bidder shall have twenty one (21) days from the date of its election to close the sale. Failure by the Successful Bidder to pay the Backup

Purchase Price to the Trustee in the form of a certified or bank check made payable to the Trustee on or before the twenty first day following the date of its election to proceed shall constitute a default by the Second Highest Bidder and the Second Highest Bidder shall thereupon forfeit to the Estate the deposit previously paid to the Estate as liquidated damages which shall be the Trustee's exclusive remedy at law or in equity

8. If the Second Highest Bidder either elects not to proceed or fails to timely pay the Backup Purchase Price to the Trustee, the Trustee shall, at the election of Robert Alessandro (the "Next Highest Bidder"), be authorized to sell the Real Property to the Next Highest Bidder for the sum of One Million Two Hundred Twenty Six Thousand and 00/100 ($1,226,000.00) Dollars (the "Second Backup Purchase Price") and otherwise upon the same terms as set forth herein. In the event the Next Highest Bidder elects not to proceed with the sale, all obligations of the Next Highest Bidder shall cease. The Next Highest Bidder shall have two business days following the date on which it receives written notice from the Trustee of the default or election not to proceed of the Second Highest Bidder to notify the Trustee in writing of his election. In the event that the Next Highest Bidder elects to proceed with the sale for the Second Backup Purchase Price, he shall immediately deposit the sum of $56,750.00 in the form of a certified or bank check made payable to and delivered to the Trustee together with his election to proceed. The Next Highest Bidder shall have twenty one (21) days from the date of his election to close the sale. A failure by the Next Highest Bidder to pay the Second Backup Purchase Price to the Trustee on or before the twenty first day following the date of its election to proceed, shall constitute a default by the Next Highest Bidder and the Next Highest Bidder shall thereupon forfeit to the Estate the deposit previously paid to the Estate as liquidated damages which shall be the Trustee's exclusive remedy at law or in equity

9.  The transaction contemplated by the Sale Motion is undertaken by the Trustee and the Successful Bidder at arm's length and in good faith. The Successful Bidder (or, if necessary, the Second Highest Bidder or Next Highest Bidder) shall be deemed a good faith purchaser of the Real Property and is entitled to the protections afforded by 11 U.S.C. § 363(m).

10. This Court will retain jurisdiction (i) to enforce and implement the terms of the Purchase and Sale Agreement; (ii) to compel delivery of the Real Property to the Successful Bidder (or Next Highest Bidder), (iii) to compel delivery of the Purchase Price to the Trustee, (iv) to resolve any disputes, controversies or claims arising out of or relating to the Purchase and Sales Agreement, and (v) to interpret, implement and enforce the provisions of this Order.

SO ORDERED, at Worcester this 7th day of June, 2011.

_____
Henry J. Boroff
United States Bankruptcy Court Judge