UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>International Gospel Party<br>Boosting Jesus Groups, Inc.,<br><br>Debtor. | Chapter 11<br>Case No. 10-19012-HJB |

### ORDER RE MOTION BY CHAPTER 11 TRUSTEE FOR AUTHORITY TO PAY ADMINISTRATIVE AND PREPETITION CLAIMS AND TO COMMENCE PROCEEDING TO DISSOLVE DEBTOR OR, IN THE ALTERNATIVE TO CONVERT CASE TO A CASE UNDER CHAPTER 7

Joseph G. Butler, as chapter 11 trustee (the "Trustee") of the estate of International Gospel Party Boosting Jesus Groups, Inc. (the "Debtor"), having filed, on September 14, 2011, a Motion by Chapter 11 Trustee For Authority To Pay Administrative and Prepetition Claims And To Commence Proceeding to Dissolve Debtor Or, In The Alternative, to Convert Case to a Case Under Chapter 7 (the "Motion"), a Limited Objection having been filed by Jeff Ross and an Objection having been filed by the Debtor, a hearing having been held on October 13, 2011, and good cause appearing therefore, it is hereby

ORDERED, that the Trustee's request, in the Motion, for authority to commence a proceeding pursuant to Massachusetts General Laws ch. 180, section 11A to dissolve the Debtor, is denied; and

ORDERED, that the Trustee's alternative request in the Motion to convert the case to a case under Chapter 7 is denied without prejudice; and

ORDERED, that the Trustee is authorized to pay the prepetition general unsecured amended claim of NStar in the amount of $1623.38 (claim no. 5-2 on the Court's claims register)

and to pay the prepetition general unsecured claim of John Ralston Haynes in the amount of $4652.91 (claim no. 6-1 on the Court's claims register); and

ORDERED, that, after payment of professional fees and expenses previously allowed by the Court and payment of quarterly fees that may be due to the Office of the United States Trustee, the Trustee is authorized (a) to hold in reserve the sum of $33,150.00 pending the final resolution of the Motion to Alter Judgment or for New Trial/Hearing Pursuant to Bankruptcy Rule 9023 and/or for Relief Under Bankruptcy Rule 9024 with Respect to Denial of Co-Broker Commission to Jeff Ross (docket no. 109) and any claim of Jeff Ross to payment of that amount, (b) to hold in reserve the sum of $7,500.00, for additional administrative expenses that may arise, and (c) to disburse the balance of the funds of the estate to the Debtor.

ORDERED, that the Debtor is authorized to pay any earned but unpaid fees to Debtor's counsel and that, as all creditors and interested parties will have been paid in full, the normal and usual requirement that Debtor's counsel file with the court a Fee Application and Narrative is waived.

ORDERED that, within 10 days of any decision becoming final regarding the claim of Jeff Ross the Trustee shall pay to Jeff Ross the amount of any award and turn over to the Debtor the balance of the funds, less only further administrative fees of not more than the amount held in reserve for additional administrative expenses; and

ORDERED that the Trustee shall immediately thereafter file a Motion to Dismiss.

At Springfield this 7th day of November, 2011.

_Henry J. Boroff_
Henry J. Boroff, Bankruptcy Judge